**Entered on Docket**
**June 24, 2026**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: June 24, 2026**

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 24-10714 HLB |
| | ) |
| KENNETH W. MATTSON, | ) Chapter 7 |
| | ) |
| Debtor. | ) |
| | ) |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, | ) |
| | ) Adv. Proc. No. 25-1024 HLB |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| KENNETH W. MATTSON, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## SCHEDULING ORDER

On May 15, 2026, following the retirement of Judge Charles Novack, this proceeding was assigned to Judge Dennis Montali.[1] On June 18, 2026, this proceeding was reassigned to Judge Hannah Blumenstiel.[2] On June 24, 2026, the parties filed a Stipulation[3] that proposed changes to certain dates and deadlines established on or about March 11, 2026. The Stipulation also proposes what

---

[1] Dkt. 15.

[2] Dkt. 16.

[3] Dkt. 18 (the "Stipulation").

amounts to an amendment of Plaintiff's complaint, changing the statutory basis of its single cause of action from 11 U.S.C. § 523(a)(6) to § 523(a)(2).[4]  Given the reassignment of the proceeding and the need for issuance of a scheduling order pursuant to FRCP[5] 16(b)(1)/FRBP 7016(a), the court **ORDERS** as follows:

**I.    *Pro Se* or Unrepresented Parties**

Parties who are not represented by a lawyer are bound by the terms of this order to the same extent as represented parties and their attorneys, and the court will treat them as "counsel" for purposes of this order and the proceeding in which it is entered.

**II.   Pre-Trial and Discovery Schedule**

The parties shall adhere to the following schedule:

- Fact Discovery Cut-Off:        **August 28, 2026**
- Initial Expert Disclosures:   **September 18, 2026**
- Rebuttal Expert Disclosures:  **October 30, 2026**
- Expert Discovery Cut-Off:     **December 11, 2026**
- Dispositive Motion Deadline:[6] **January 29, 2027**

---

[4] The Stipulation does not specify whether Plaintiff intends to proceed under 11 U.S.C. § 523(a)(2)(A) or (B), or both.  According to the Plaintiff's Discovery Plan (Dkt. 10), it means to plead under 11 U.S.C. § 523(a)(2)(A). Based upon that representation, the court will treat this action as one pending under only 11 U.S.C. § 523(a)(2)(A).

[5] All citations to "FRCP" shall refer to one of the Federal Rules of Civil Procedure.  All citations to "FRBP" shall refer to one of the Federal Rules of Bankruptcy Procedure.  All citations to "FRE" shall refer to one of the Federal Rules of Evidence.

[6] The Dispositive Motion Deadline is that by which dispositive motions must be *filed*, not the date by which such motions must be heard.  Dispositive motions must be noticed for hearing in accordance with B.L.R. 7001-1 and Paragraph F of Judge Blumenstiel's Practices & Procedures: https://www.canb.uscourts.gov/procedure/blumenstiel/judge-blumenstiels-practices-and-procedures

Case: 25-01024    Doc# 20    Filed: 06/24/26    Entered: 06/24/26 16:08:25    Page 2 of 14

- Parties' Pre-Trial Conference:       **March 6, 2027**
- Deadline to Exchange Witness List and Exhibits:   14 calendar days before date of Parties' Pre-Trial Conference
- Deadline to File Joint PTC Statement:   7 calendar days before Court Pre-Trial Conference
- Court Pre-Trial Conference:   **April 15, 2027; 2:00 p.m.**
- Deadline to File Witness and Exhibit Lists:  14 calendar days before Trial
- Deadline to File Trial Brief: 14 calendar days before trial
- Deadline to File Expert Witness Declarations:      14 calendar days before trial
- Deadline to Lodge Exhibits with Court:  14 calendar days prior to trial
- Deadline to File Motions *in Limine*:     7 calendar days before trial
- Deadline to Respond to Motions *in Limine*:    4 calendar days before trial
- Date and Time of Trial:  To be determined at Court Pre-Trial Conference
- Time Reserved for Trial:[7] To be determined at Court Pre-Trial Conference
- Other Deadlines:
  - Deadline to Complete Form of Alternative Dispute Resolution:    N/A

---

[7] The court times most trials and will strictly enforce compliance with this allocation of time.

> o Deadline to Exchange Material Described in FRCP 26(a)(1)(A)/FRBP 7026: **February 25, 2026**
>
> o Consent to Entry of Final Orders and Judgment: Plaintiff has consented to the subject matter jurisdiction of this court.[8] Defendant's Answer does not comply with Bankruptcy Rule 7012(b) or B.L.R. 7012-1; nevertheless, given that Plaintiff's sole cause of action arises under 11 U.S.C. § 523(a)(2)(A), the court finds and concludes that this action constitutes one in which this court may enter final orders and judgment.[9]

## III. Discovery

Counsel shall comply with the deadlines set forth above.[10] Notwithstanding Civil L.R. 37-1, as applied by B.L.R. 1001-2, all discovery disputes must be submitted for adjudication no later than the applicable Fact or Expert Discovery Cut-Off. Unless otherwise ordered, the court will attempt to resolve all discovery disputes on an expedited basis consistent with Paragraph D of Judge Blumenstiel's Practices & Procedures.[11]

---

[8] Dkt. 1 (Complaint), ¶ 5.

[9] 28 U.S.C. § 1334(b); 28 U.S.C. §§ 157(a), (b)(1), and (b)(2)(I); General Order No. 24 of the United States District Court for the Northern District of California; see also In re Mcharo, 2020 WL 118589, *2 (B.A.P. 9th Cir. Jan. 9, 2020) (acknowledging bankruptcy court's subject matter jurisdiction over proceedings asserting claims under section 523).

[10] These deadlines supersede those set forth in FRCP 26/FRBP 7026.

[11] https://www.canb.uscourts.gov/procedure/blumenstiel/judge-blumenstiels-practices-and-procedures

### A.    Fact Discovery

The parties must complete all fact discovery by the Fact Discovery Cut-Off set forth above.  Completion means that depositions must be concluded, although not necessarily transcribed.  As to written fact discovery, responses and any production of discovery material must be due on or before the Fact Discovery Cut-Off.

### B.    Expert Discovery

Unless otherwise ordered, the parties must conclude all expert discovery on or before the Expert Discovery Cut-Off set forth in Section II, above.

## IV.   Motions for Summary Judgment

The court expects counsel to be familiar with and to abide by B.L.R. 7007-1.  Neither the FRBP nor the B.L.R. require a separate statement of undisputed facts in support of a motion governed by FRCP 56/FRBP 7056.

## V.   Parties' Pre-Trial Conference

No later than the date of the Parties' Pre-Trial Conference set forth in Section II of this order, counsel shall meet and confer in good faith by telephone or video conference to discuss the trial.  Following the conclusion of the Parties' Pre-Trial Conference, the parties shall prepare a Joint Pre-Trial Conference Statement, which must be filed by the deadline set forth in Section II hereof.

The Joint Pre-Trial Conference Statement must include *concise and specific* statements pertaining to *each* of the following subjects:

- The following facts are admitted and require no proof:

Case: 25-01024   Doc# 20   Filed: 06/24/26   Entered: 06/24/26 16:08:25   Page 5 of 14

- The following issues of fact, and no others, remain to be litigated:
- The following issues of law, and no others, remain to be litigated:
- The appropriate measure of damages is:
- The parties have exchanged lists of witnesses to be called at trial:
- The parties have exchanged all non-rebuttal exhibits to be used at trial:
- The parties have exchanged expert witness reports:
- The parties have stipulated to the admissibility of the following exhibits:[12]
- The parties object to the admissibility of the following exhibits (please include a *concise* statement of the basis for each objection):
- Other matters that might affect trial:[13]

If the parties cannot – despite their good faith efforts – agree on a joint response to any of the above, they shall set forth their respective positions *clearly and concisely*.  The court expects the parties to engage in the Parties' Pre-Trial Conference in good faith and to cooperate in good faith in drafting the Joint Pre-Trial Conference Statement.  The court

---

[12] A stipulation to the admissibility of an exhibit does not relieve the party introducing such exhibit from the obligation to demonstrate the relevance and probative value of such exhibit during trial.

[13] Other matters that might affect trial might include, for example, brief descriptions of anticipated motions *in limine*, special scheduling of witnesses, objections to proposed witnesses or testimony, the need for interpreters, or the parties' preferences as to whether a given witness testifies in the courtroom or remotely.

Case: 25-01024   Doc# 20   Filed: 06/24/26   Entered: 06/24/26 16:08:25   Page 6 of 14

will not hesitate to impose sanctions on any party or counsel who fails to meet and confer in good faith or fails to cooperate in good faith in the preparation of the Joint Pre-Trial Conference Statement.

**VI.  Pre-Trial Submissions**

At least 14 calendar days prior to trial, the parties shall: **(A)** file a list of witnesses they intend to call at trial; **(B)** file a list of exhibits they intend to introduce at trial; **(C)** file a trial brief; **(D)** file any expert witness declarations; **and (E)** lodge all exhibits (in accordance with Subsection D, below).

**A.    Witness and Exhibit Lists**

Each party's witness and exhibit lists should be identical to those exchanged on the Deadline to Exchange Witness List and Exhibits set forth in Section II of this order.  If a party to a matter will be called as a witness (even as an adverse witness), their name must appear on the relevant witness list.  Any witness or exhibit omitted from the lists exchanged by the parties and/or filed with the court will be excluded.

Each witness list must include a *clear and concise* summary of each witness' anticipated testimony.  The presence of a witness' name on a witness list alerts the court and other parties that such witness *might* be called; it does not mean that witness *will* be called.

Exhibit lists must include expert witness declarations, as well as any documents that a party intends to include in a request for judicial notice under FRE 201.

Witness and exhibit lists should not include witnesses or exhibits to be used solely for the purposes of rebuttal.  The

Case: 25-01024   Doc# 20   Filed: 06/24/26   Entered: 06/24/26 16:08:25   Page 7 of 14

court expects counsel to be familiar with the proper purpose and function of rebuttal evidence.[14]

**B.    Trial Briefs**

Each party must submit a trial brief by the deadline set forth in Section II of this order.  Trial briefs shall not exceed 15 pages, absent *prior* leave of court.  Each trial brief must include:  **(1)** A discussion of each element of each cause of action, including a citation to and analysis of controlling (9th Circuit) authority; **and (2)** an analysis of the legal basis for and calculation of each type of damage sought in the operative complaint.  Extended factual discussions are not necessary or helpful.

**C.    Expert Witness Declarations**

**(1)**   Direct expert testimony shall be presented via a declaration that authenticates the report of the expert.[15]  Each party must file and serve any expert declarations with supporting documentary evidence 14 calendar days before trial.  Expert witness declarations shall be included in the proponent's witness list and shall be marked as an exhibit in accordance with Section D, below.

**(2)**   To cross-examine an opposing party's expert witness, a party must notify the opposing party by email at least 3 court

---

[14] "The proper function of rebuttal evidence is to contradict, impeach, or defuse the impact of evidence offered by an adverse party.  Testimony or documentary evidence offered only as additional support for previously introduced evidence or prior argument is improper on rebuttal." Peals v. Terre Haute Police Dept., 535 F.3d 621, 630 (7th Cir. 2008); *see also* Daly v. Far Eastern Shipping Co., 238 F.Supp.2d 1231, 1238 (W.D. Wash. 2003), *aff'd* 108 Fed. App'x 476 (9th Cir. 2004).

[15] FRCP 26(a)(2)(B)/FRBP 7026.

days prior to the Date and Time of Trial.  Any party who fails to notify the opposing party will not be permitted to cross-examine the opposing party's expert.  Any party who gives notice of their intent to cross-examine an opposing party's expert witness and then fails to do so will be expected to reimburse the opposing party for the expenses incurred by the opposing party in producing the expert witness at trial.

**D.    Exhibits**

Each party must lodge 2 complete sets of their trial exhibits (other than those to be used solely for rebuttal) on or before the Deadline to Lodge Exhibits with Court set forth in Section II of this order.  Any documents that a party intends to include in a request for judicial notice under FRE 201 must be included in that party's exhibits.  Expert witness declarations must be included in the proponent's exhibits.

All exhibits must be pre-marked for identification. Plaintiff or movant shall mark their exhibits using numbers; Defendant(s) or respondent(s) shall mark their exhibits using letters.  An exhibit shall not include more than one document and its attachments.  Each page of any exhibit that consists of more than one page shall be paginated or numbered separately.

If a party has more than 10 exhibits, they must place their exhibits in one or more three-ring binder(s), separating each exhibit with a tabbed divider bearing the exhibit's number or letter.  Each binder also shall include a copy of the proponent's exhibit list.

Counsel shall bring to trial complete sets of bound exhibits for opposing counsel and the witness stand.  These sets of

Case: 25-01024    Doc# 20    Filed: 06/24/26    Entered: 06/24/26 16:08:25    Page 9 of 14

exhibits must be identical to those lodged with the court, including the manner in which they are bound, organized, and pre-marked.

**VII. Court Pre-Trial Conference**

On the date of the Court Pre-Trial Conference set forth in Section II of this order, the court will convene a pre-trial conference to discuss the issues set forth in the Joint Pre-Trial Conference Statement and other matters relevant to trial.

The Court Pre-Trial Conference will convene via Zoom. The court's website offers information explaining how to arrange an appearance at a video hearing. If you have questions about how to participate in a video hearing or conference, you may contact the court by calling 888-821-7606 or by using the Live Chat feature on the court's website.

**VIII.    Motions *in Limine***

Motions *in limine* shall be filed and served no later than the Deadline to File Motions *in Limine* set forth in Section II of this order. Responses to motions *in limine* must be filed and served no later than the Deadline to Respond to Motions *in Limine* set forth in Section II of this order. Each motion *in limine* must include counsel's certification that they met and conferred in good faith in an effort to resolve the relevant dispute. The court will address motions *in limine* at or prior to the commencement of trial.

**IX.   Witnesses**

Each party is responsible for ensuring the attendance of *every witness* that party intends to call, whether or not any other party has included such witness in their witness list. If

Case: 25-01024   Doc# 20   Filed: 06/24/26   Entered: 06/24/26 16:08:25   Page 10 of 14

necessary, witnesses must be subpoenaed.  Unrepresented parties must obtain witness subpoenas in advance from the Clerk of Court and ensure proper, timely service of such subpoenas prior to trial.

Unless a witness is truly unavailable, the court will not permit the use of prior deposition testimony or prior written testimony (declarations).  The court expects counsel to be familiar with FRE 804(a), which explains what constitutes "unavailable" for purposes of a witness' trial testimony.

If counsel intends to call a witness who speaks only or primarily a language other than English, counsel is responsible for providing an interpreter for trial, except when the adversary proceeding is instituted by an agency or department of the United States.[16]  Any interpreter must be a Federally-Certified Court Interpreter, a Professionally-Qualified Interpreter, or a Language-Skilled Interpreter, as define by the Clerk of the United States District Court for the Northern District of California.[17]

**X.    Notice to Court**

No later than 7 days prior to trial, counsel shall contact Courtroom Deputy Eujean Oh (eujean_oh@canb.uscourts.gov) and advise whether they intend to proceed with trial.  Absent extraordinary cause, the court will not continue or vacate trials unless the parties have executed a binding settlement term sheet or agreement.

---

[16] 28 U.S.C. § 1827.

[17] https://www.cand.uscourts.gov/interpreters

Case: 25-01024   Doc# 20   Filed: 06/24/26   Entered: 06/24/26 16:08:25   Page 11 of 14

## XI.  Trial

Unless otherwise ordered, all trials will take place at the United States Bankruptcy Court for the Northern District of California, Philip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, 16th Floor, Courtroom 19, San Francisco, California, 94102.

While the court retains discretion to permit witnesses or counsel to appear at trial via remote means, it cannot provide remote *public* access to trials or evidentiary hearings.

The court times most trials, and will strictly enforce compliance with this allocation of time.  Counsel should understand that one day of trial equates to approximately 6 hours of time on the record; thus, a one-day trial means that Plaintiff(s) and Defendant(s) each should expect 3 hours of time on the record.

## XII. Unexcused Failure to Comply with this Scheduling Order

The court takes trial seriously and expects the same of all parties and counsel.  The court will not continue or vacate trial dates absent extraordinary circumstances outside the parties' or counsel's control.  The purported unavailability of witnesses, counsel, experts, or other necessary individuals does not constitute cause for continuing a trial.  Stipulations to continue a trial do not bind the court unless approved by written order.

Any unexcused failure to comply with this scheduling order *will not* result in continuance of trial but *will* result in the imposition of sanctions.  Depending on fault and circumstances, such sanctions might include entry of judgment against the non-

Case: 25-01024   Doc# 20   Filed: 06/24/26   Entered: 06/24/26 16:08:25   Page 12 of 14

compliant party, dismissal of the proceeding, exclusion of evidence, or the imposition of monetary or other sanctions, as permitted by law.[18]

**END OF ORDER**

---

[18] FRCP 16(f)(1)(C)/FRBP 7016.

<u>**Court Service List**</u>